**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| HENRY UZA, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-04-2930 |
| UNITED STATES DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

This action involves a negligence suit brought by Henry Uza ("Uza") and Encompass Insurance Company ("Encompass") (collectively, "Plaintiffs") against the United States Department of Justice ("DOJ" or "Defendant"). Plaintiffs' Complaint alleges that an employee of Defendant negligently hit and damaged Uza's parked car. Currently pending before the Court is Defendant's Motion to Dismiss [10]. In its Motion to Dismiss, Defendant argues that Plaintiffs have failed to properly serve Defendant within 120 of the filing of Plaintiffs' Complaint, and therefore the Complaint should be dismissed. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to the non-movant. On September 13, 2004, Plaintiffs filed their Complaint in this Court. As such, Plaintiffs had until January 11, 2005 to properly effect service upon Defendant. On October 13, 2005, Plaintiffs filed an Affidavit of Service of Summons

on David Burroughs. However, this service was facially defective, as Plaintiffs purported to serve the Summons on July 24, 2003, over a year before the Complaint was filed in this case. Moreover, Plaintiffs served the Summons not upon David Burroughs but upon William Vedder, who Plaintiffs allege was an authorized representative of John D. Ashcroft, then the United States Attorney General.

On January 19, 2005, Plaintiffs filed a second Affidavit of Service of Summons on David Burroughs. This document alleged that the Summons was served upon David Burroughs, an authorized representative of John D. Ashcroft, on September 29, 2004.

On January 19, 2005, this Court issued a Show Cause Order, directing Defendant to show cause as to why it had failed to respond to Plaintiffs' Complaint. On February 16, 2005, Defendant filed its response to the Show Cause Order as well as the instant Motion to Dismiss. In the Motion to Dismiss, Defendant argues that it was not properly served with the Summons and a copy of the Complaint. Defendant also notes that, on July 9, 2003, Plaintiff Uza filed a similar case before this Court, styled AW-03-1995. In that case, the Court found Uza's service upon Defendant to be deficient and dismissed the case. Defendant's Motion to Dismiss is ripe for review and the Court will now issue an Opinion.

## II. ANALYSIS

Rule 4(i)(1) of the Federal Rules of Civil Procedure provides:

> Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered mail address to the civil process clerk at the office of the United States attorney and

> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia...

Fed. R. Civ. Pro. 4(i)(1). Where an agency of the United States is being sued, Rule 4(i)(2)(A) explains that, in addition to service upon the United States in the manner prescribed by Rule 4(i)(1), a plaintiff must also send "a copy of the summons and complaint by registered or certified mail to the [agency]," in this case, the DOJ.

Defendant argues that neither the Summons nor a copy of the Complaint have ever been delivered to the United States Attorney for the District of Maryland as required by Rule 4(i)(1)(A), and therefore the Court should dismiss this case. The Court agrees. Plaintiffs have failed to present evidence to this Court that they properly served the United States Attorney for the District of Maryland with the Summons and a copy of the Complaint. Indeed, Plaintiffs have not responded to Defendant's Motion to Dismiss. As such, the Court believes that service was not properly effected in this case. Additionally, Plaintiffs have not demonstrated, pursuant to Rule 4(m), good cause as to why their Complaint should not be dismissed. Therefore, the Court will dismiss Plaintiffs' Complaint.

### III. **CONCLUSION**

For all of the aforementioned reasons, the Court will GRANT Defendant's Motion to Dismiss [10]. An Order consistent with this Opinion will follow.

Date: <u>April 22, 2005</u>             <u>         /s/         </u>
                                         Alexander Williams, Jr.
                                         United States District Court